## JARED F. KIRTLAND *vs.* THE CITY OF MERIDEN.

## JOHN TAIT *vs.* SAME.

Independently of statute, the discontinuance of a highway which has been laid out by a city or town will not affect the right of individual owners of lands which have been taken by such lay-out to the damages assessed therefor.

The act of July 8th, 1869, relating to appeals from appraisals of damages for public improvements, and the act of July 15th, 1870, in alteration of the charter of the city of Meriden, do not repeal the provisions of the 64th section of said charter, so as to affect an appeal from an appraisal of damages taken pursuant to such provisions before the passage of said acts, or the re-assessment of damages on such appeal.

Where on such appeal the committee appointed to re-assess the damages, in their report deducted from the damages the "personal" benefits accruing to the appellant, and it did not appear that the committee had failed to give the city the full advantage of all the benefits which accrued to the appellant, or that .the appellant had derived any benefits not properly described by the word "personal," Held, that the report of the committee should not be set aside on account of the use of that word.

PETITIONS for a re-assessment of damages on account of the widening and alteration of Main street in the city of Meriden; brought to Hon. Edward I. Sanford, a Judge of the Superior Court, on the 29th of October, 1869. The committee appointed

by Judge Sanford to re-assess the damages reported that, if the law was so under the charter of the city that the committee; in estimating the damages sustained by the petitioners, had power and authority to consider, assess and deduct from the damages the personal benefits derived by and accruing to the petitioners in consequence of the widening and altering of Main street, then the committee re-estimated and re-assessed the damages due from the city of Meriden to Kirtland at the sum of five hundred dollars, and to Tait at the sum of one thousand dollars.

The respondent remonstrated against the acceptance of the report of the committee, and on the hearing on the remonstrance Judge Sanford found the following facts:

The report of the committee in these causes was made up and signed by the committee on the 16th of December, 1870, and prior to the passage of the vote hereinafter referred to as passed by the court of common council of the city of Meriden on the 27th of December, 1870. The report of the committee was returned on the 30th of December, 1870, at which time the remonstrance was also filed.

In the year 1869, and prior to the commencement of these proceedings, the court of common council of the city of Meriden had directed the widening and altering of Main street in said city between Pleasant street and Broad street, according to a survey made by the city surveyor, and adopted by the court of common council. Such widening and alteration involved the taking from the land of most of the proprietors fronting on both sides of Main street, between Pleasant and Broad streets, and straightening the lines of the street between such limits. The distance between Pleasant and Broad streets is about one-quarter of a mile. There were about fifteen separate lots of land owned by different proprietors fronting Main street on the north side, and about ten separate lots of land owned by different proprietors fronting on the south side, within the limits aforesaid. The widening of the street cuts off a strip of land from the front of nineteen out of the twenty-five different lots fronting the street, of various widths. The different lots of land

fronting the street are occupied for houses and stores. Main street was one of the principal streets in the city.

In connection with the widening and straightening of the street, the court of common council ordered a change to be made in the grade of the street between the limits aforesaid, which change involved the cutting down in some places and filling up in others; and also ordered the proprietors of land fronting on the street to lay sidewalks on each side of the street ten feet wide, and flag them, between Pleasant and Broad streets. All these proceedings of the common council were prior to the bringing of these petitions.

Each of the petitioners owns a lot of land fronting the north side of Main street, with a dwelling-house thereon. The survey for the widening of the street takes a strip of land from the front of each lot. There were in front of the premises of the petitioner, Kirtland, outside of the sidewalk as it was before the change, three elm trees, which there was a necessity of removing for the purpose of making the proposed alteration of the street properly available to the public, and which in the progress of the work were cut down by the city. The old street line in front of the premises of the petitioner, Tait, was marked by a fence, outside of which was a flag sidewalk six feet wide, with curb-stone, laid and set by the petitioner some years since. Just outside the sidewalk were five trees. There was no necessity for the removal of the sidewalk and curb, or the trees, except for the purpose of working the street in the manner contemplated by the alteration.

On the 27th of December, 1870, the court of common council of Meriden, having knowledge of the contents of the report of the committee to re-assess damages, passed the following votes, viz. "*Voted,* That so much of the vote adopting the survey of Main street, between the residence of B. H. Catlin and Broad street, made by the street committee, passed June 5, 1869, and so much of the vote adopting the survey of Main street, made by Nathan Booth in the year 1867, passed August 17, 1868, and so much of the vote establishing the width of Main street between the Central Hotel and the Hartford and New Haven Railroad at four rods or more, at

the discretion of the road committee, passed April 20, 1868, and so much of all votes heretofore passed by the court of common council as provide for a new lay-out of, or alter or determine and designate the boundaries and lines of, the north side of that portion of Main street situated between Norwood street and Broad street, and as provide for a new lay-out of, or alter or determine and designate the boundaries and lines of, the south side of that portion of Main street between High and Broad streets, and all of the vote authorizing the committee on streets to change the line on the south side of Main street between High street and the east side of Center street from a curved to a straight line, passed October 24, 1870, be and they are hereby rescinded.

*Voted,* That so much of the lay-out, alteration and widening of said Main street upon the northerly side thereof, as is laid out between Norwood street and Broad street in manner aforesaid, be and the same is hereby discontinued.

*Voted,* That so much of the lay-out, alteration and widening of said Main street upon the southerly side thereof, as is laid out between High street and Broad street in manner aforesaid, be and the same is hereby discontinued."

High street leads out of Main street on the south, is between Pleasant and Broad streets, and about twenty rods from Broad street.     Norwood street leads out of Main street on the north, and is between Pleasant and Broad streets, being a few rods east of Pleasant street.

At the time of the passage of the votes aforesaid, on the 27th of December, 1870, most of the work necessary to complete the widening and alteration of Main street across the premises of the petitioner, Kirtland, and to fit the same for public use, had been performed. The city had caused the street between the sidewalks to be lowered to the required grade, and had caused the curb-stone for the sidewalk to be set. Kirtland had in pursuance of and in conformity with the orders of the common council and street committee, excavated for and constructed a sidewalk across the land taken by the widening of the street, and had paved it with stone, and

such sidewalk was in actual use by the public for the purposes of a sidewalk prior to the passage of said vote. The curb-stone had been set by the city parallel with and ten feet distant from the north line of Main street as widened.

On the 27th of December, 1870, most of the work necessary to complete the widening and altering of Main street in front of the premises of the petitioner, Tait, had been performed so far as the same was to be done by the city. The curb-stone in front of his premises had been set by the city ten feet distant from and parallel to the north line of the street, as the same would be when altered ; the trees in front of his premises had been cut down and removed by the city ; the old flag sidewalk in front of his premises had been taken up by the city, together with the old curb-stone, and the ground under such flagging excavated to the depth of the required grade as far as the petitioner's fence ; but the petitioner had not constructed the sidewalk over the land to be taken for such alteration, nor had his fence been removed.

On the 27th of December, 1870, most of the work necessary to carry out and complete the widening of Main street, through the whole distance from Pleasant street to Broad street, had been done and performed so far as the same was to be done and performed by the city, except that in front of the premises of N. C. Sanford, a distance of about eighty-seven feet, no curb-stone had been set. The curb-stones, with the above exception, had been set on both sides for the entire distance between Pleasant and Broad streets, parallel to and ten feet distant from the lines of the street as widened and altered. And the roadway within the curb-stones had been worked by the city to the prescribed grade. The proprietors of land fronting on the street on both sides, in pursuance of the orders of the court of common council and road committee, had excavated or filled in for sidewalks, and constructed and paved the same, and fitted them for use as a part of the street, for the entire distance between Pleasant and Broad streets on both sides, with the following exceptions :

On the south side no sidewalk had been constructed across the land taken by the alteration from Russell Coe and wife,

Kirtland *v.* City of Meriden.

situated between Broad and High streets, a distance of one hundred and fifty feet. On the north side no sidewalk had been constructed across the land taken by the alteration from the petitioner, Tait, situated between Norwood and Broad streets, a distance of about one hundred and fifty feet. The city had excavated for a sidewalk up to Tait's fence line, about one-half the width of the sidewalk being outside his fence line. No sidewalk had been constructed across the land taken by the alteration from N. C. Sanford, between Norwood and Broad streets, a distance of about ninety feet. The city had, however, partly excavated for the sidewalk in front of Sanford, cut down some trees and removed some earth for the purpose of bringing the ground at that point to the required grade. The sidewalk had been filled in and leveled, but not paved, in front of and across land taken for such widening from Hiram and Elisha K. Bradley, a distance of about sixty feet. The sidewalk was, however, in actual use as a part of the street.

With these exceptions the sidewalks had been fully completed and paved both sides of the street between Pleasant and Broad streets, over the land taken for such widening, and were in actual use by the public as a part of Main street, prior to December 27, 1870.

On these facts the questions of law arising on the record were reserved for advice.

*Watrous* and *Hicks*, with whom was *Lounsbury*, for the remonstrants.

1. The law under which these proceedings were instituted has been repealed by the Acts of July 8th, 1869, and July 15th, 1870. *Hine* v. *Belden*, 27 Conn., 392; *Taylor* v. *Keeler*, 30 id., 324; *Downs* v. *Town of Huntington*, 35 id., 588; *Werner* v. *Phelps*, 36 id., 357; *Bacon* v. *Callender*, 6 Mass., 303; *Pease* v. *Whitney*, 5 id., 380; *Billings* v. *Segar*, 11 id., 340; *Bartlett* v. *King's Executors*, 12 id., 545; *Commonwealth* v. *Commissioners of Highways of Hampden County*, 6 Pick, 500; *Columbian Manufacturing Co.* v. *Vanderpoel*, 4 Cow., 556; *Hampton* v. *Commonwealth*, 19 Penn., 329; *Sedgwick*

on Stat. & Const. Law, 130, 131; *Commonwealth* v. *Cooley*, 10 Pick., 37; *Commonwealth* v. *Marshall*, 11 id., 350; *Butler* v. *Palmer*, 1 Hill, 324; *State* v. *Daley*, 29 Conn., 275; Gen. Stat., 500, sec. 34; Potter's Dwarris on Stat., 155; *Welles* v. *Cowles*, 4 Conn., 184; *City of New Haven* v. *Whitney*, 36 id., 373; *Sheldon* v. *Sill*, 8 How., 441.

2. The contemplated alteration and lay-out of Main street has been discontinued. Gen. Stat., 501, sec. 59; Charter of Meriden, 25, sec. 59; *In the Matter of Widening Wall Street*, 17 Barb., 629; *People* v. *Trustees of Brooklyn*, 1 Wend., 318; *In the Matter of Anthony Street*, 20 id., 621; Gen. Stat., 188, sec. 476; Cooley on Const. Lim., 528; *Nichols* v. *City of Bridgeport*, 23 Conn., 208; *Hood* v. *New York & New Haven R. R. Co.*, 22 id., 508–9; *New York Firemens' Ins. Co.* v. *Ely*, 5 id., 568.

3. The committee that assessed the damages have not considered the " special," " peculiar" and " local" benefits accruing by reason of the then contemplated alteration of this portion of Main street to the remaining contiguous lands of the appellant, as they should have done under the law of this state. The report says, ' personal benefits.' What does it mean? The report is, in the words of the remonstrance, " inapplicable, vague, uncertain, ambiguous and without any intelligible and legal signification or meaning."

*Doolittle* and *O. H. Platt*, for the petitioners.

SEYMOUR, J. In one important particular these two cases are unlike; but they have been argued together, and are similar in every respect except one.

The city of Meriden seems to have proceeded according to its charter in widening the highway in front of the respective premises of the petitioners. They have both regularly appealed from the assessment of damages, agreeably to the law at the time of the appeal, and we think the subsequent legislation on the subject of assessments and appeals does not repeal the former law, so as to affect these appeals, or the proceedings by virtue of which damages have been re-assessed.

Nor do we see reason to doubt the regularity of the proceedings whereby that portion of highway in front of the premises of the petitioners for which damages were re-assessed has been discontinued. So that the only question between the petitioners and the city is as to the effect of the discontinuance upon the claim for the damages assessed. In regard to that, if we had no statute on the subject the petitioners would be entitled to their damages, the discontinuance notwithstanding; for the discontinuance proceeds upon the idea that a perfect legal highway had come into existence by the operation of the proceedings laying it out. By these proceedings a right of way was taken from the petitioners and vested in the public, and for this right of way the petitioners were entitled to compensation, and the subsequent discontinuance, however speedily it may follow the lay-out, cannot affect the right to compensation. Such would be the rule independent of statute, but the 38th section of the Act concerning Highways and Bridges provides, that if the discontinuance takes place before the highway shall be opened and worked, the assessment becomes void, and the owner in lieu of the assessment may recover the actual damages he may have suffered, in an action on the case founded on the statute.

The only remaining inquiry then is, whether the highway which by these proceedings was laid in front of the premises of these parties was opened and worked before the discontinuance. In respect to Mr. Kirtland, the finding clearly shows that it had been so opened and worked, and therefore he may recover the damages assessed to him. That finding appears in full in the statement of the case, and need not be here repeated.

In respect to Mr. Tait, the finding in his case clearly shows that the highway in front of his premises had not been opened and worked, and therefore that the statute does apply to his case, and he cannot recover his assessment, but must be left to his remedy on the statute. The finding appears in full in the statement of his case, and although the city had done many things on the old highway in front of Mr. Tait's premises by way of preparation for the opening and working of the

Kirtland *v.* City of Meriden.

ground taken by the city, yet the appellant had not constructed the sidewalk on the land to be taken for the alteration, nor had his fence been removed. Nothing indeed had been done by the city or by Mr. Tait on the land taken by way of opening it or working it. And we cannot regard the preparatory work done in front of other premises, or in front of Mr. Tait's premises on the old highway, as an opening and working of *the* highway within the meaning of the statute.

The counsel for the city argued that the report of the committee who re-assessed the damages in Mr. Kirtland's case was ambiguous in using the word " personal," as applicable to the benefits which would accrue to Mr. Kirtland by the widening of Main street in the manner adopted by the city. It does not appear however that the committee failed in fact to give the city the full advantage of whatever benefits would accrue to Mr. Kirtland, nor does it appear that Mr. Kirtland derived any benefit from the alterations which are not properly described by the word " personal." Under these circumstances we cannot set aside the report on account of the use of that word, and the petitioner does not claim that the benefits thus assessed should not be deducted from the damages.

Our advice therefore is that judgment be rendered in favor of Mr. Kirtland to recover $500, that being the damage assessed to him deducting benefits. And that in Mr. Tait's case judgment be rendered in favor of the city.

In this opinion the other judges concurred.